# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SCOTT A. GILBERT,                )
                                 )
       **Plaintiff,**        )
                                 )    **CIVIL ACTION**
v.                               )
                                 )    **Case No. 07-3213-CM**
GARY STEED, et al.,              )
                                 )
       **Defendants.**       )
_____  )

## MEMORANDUM AND ORDER

Plaintiff Scott A. Gilbert, a former prisoner in the Sedgwick County Detention Facility, brings this § 1983 action *pro se*, claiming that defendants Gary Steed—Sedgwick County Sheriff—and Tim McCarty, Deputy Ewing, and Lt. W. Moore—correctional officers/deputies— violated his First Amendment right to free exercise of religion and his Eighth Amendment right to be free from cruel and unusual punishment.  Specifically, plaintiff alleges that from June 2005 through October 2005, defendant Moore ordered him to be segregated from other inmates while eating his kosher diet and that on August 21, 2005, defendants Ewing and McCarty used excessive force and broke his hand.

## I.  STANDARD OF REVIEW

Defendants ask the court to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp.

2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The court construes any reasonable inferences from these facts in favor of plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally.  *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).  On the other hand, a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements.  *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

## II.  DISCUSSION

### A.  First Amendment Free Exercise Claim

#### 1.  *Statute of Limitations*

Defendants claim that plaintiff's Count 1 allegations from June 2005 to August 19, 2005 are barred by the two-year statute of limitations.  Plaintiff agrees that the two-year limit applies, but argues that tolling is appropriate while he pursued his administrative remedies.  "[E]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of

limitations for § 1983 and Bivens claims." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (citation and internal quotation marks omitted). Plaintiff alleges that he pursued administrative remedies before bringing suit. The facts currently before the court are insufficient to determine whether plaintiff "pursued administrative remedies such that sufficient tolling occurred to enable [him] to avoid a statute of limitations bar." *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). Because the statute of limitations defense is not clear from the face of the complaint or based on adequately developed facts, the court cannot determine at this time whether a portion of plaintiff's claims are barred by the statute of limitations. Defendants' motion is denied on this issue.

### 2.     *Personal Participation*

Defendants contend that the court should dismiss Count 1 against all defendants but defendant Moore because plaintiff did not allege their personal participation. In a civil rights action, personal participation is an essential allegation. *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). In addition, the plaintiff must allege an affirmative link between the alleged violation and each defendant's participation or failure to act/supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

The complaint mentions only defendant Moore in the allegations regarding the First Amendment. Plaintiff makes additional allegations in his brief regarding the involvement of the other defendants, but not in his complaint. A brief in response to a motion to dismiss is not the proper place to bolster allegations made in a complaint. The court grants defendants' motion on this issue.

### 3.     *Sufficiency of Allegations*

Defendants next claim that plaintiff does not allege that defendants imposed a substantial

burden on plaintiff's sincerely-held religious beliefs.  To state a claim for violation of the right to free exercise of religion, an inmate must show that "a prison regulation substantially burdened . . . sincerely-held religious beliefs."  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  Although plaintiff alleges that he was forced to eat his kosher meals in a particular location, he does not allege that he was denied the meals at all.  Defendants claim that plaintiff is required to allege that his sincerely-held religious beliefs require him to eat his meals in a particular location to state a claim.

The allegations in plaintiff's complaint are scant.  Nevertheless, at this stage of the proceedings, the court is not in a position to hold that plaintiff fails to state a plausible claim.  It is plausible that the nature of the location he was forced to eat—for example, if it were unsanitary and his religion required cleanliness—would violate plaintiff's religious beliefs.  Plaintiff will have to come forward with evidence later in support of his claim, but the court will allow him to proceed at this time.

**B.      Eighth Amendment Cruel and Unusual Punishment Claim**

   *1.      Personal Participation*

Again, defendants argue that plaintiff's complaint only identifies defendants Ewing and McCarty as being involved in plaintiff's Eighth Amendment claim.  Defendants are correct.  Although plaintiff attempts to add claims against the other defendants in his response brief to defendants' motion, as the court previously stated, adding allegations in a brief is not the proper way to amend or support a complaint.  The court dismisses the Eighth Amendment claims against defendants Moore and Steed.

   *2.      Sufficiency of Allegations*

Defendants claim that plaintiff was required to allege their state of mind at the time they allegedly used excessive force.  They argue that merely alleging that they broke plaintiff's hand is

insufficient to support a claim for cruel and unusual punishment.

The court determines that plaintiff's allegation that defendants Ewing and McCarty used excessive force is sufficient to imply that the force was used maliciously and sadistically. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  All that is required is a short and plain statement of plaintiff's claims, and plaintiff has met that standard.  *See* Fed. R. Civ. P. 8(a).

**C.**     **Plaintiff's Requests to Amend Complaint**

In his brief, plaintiff refers to several claims that are not included in his complaint.  He states that in addition to the claims addressed above, he is asserting claims for violation of his (1) Fourteenth Amendment right to equal protection, (2) Eighth Amendment right to be free from cruel and unusual punishment due to the unsanitary conditions of the area in which he was forced to eat; and (3) First Amendment right to be free from retaliation for asserting his civil rights.  He also mentions a claim for injunctive relief that is not a part of the complaint.

At this stage of the proceedings, plaintiff is limited to the claims that he alleges in his complaint.  If he seeks to add the claims identified above or additional defendants, the proper avenue is through a motion to amend.  In ruling on defendants' motion to dismiss, the court has considered only the allegations in plaintiff's complaint, and not the additional details provided in plaintiff's brief or the evidence submitted to the court.  *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings."); *see also Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999) ("Here, the district court acted well within its discretion in declining to consider the documents attached to [the defendant's] motion to dismiss.").

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 25) is granted in part and denied in part.  Plaintiff's First Amendment freedom of religion claim against defendant

Moore and Eighth Amendment claim against defendants Ewing and McCarty remain in the case.

All other claims are dismissed.

Dated this 6th day of November 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**