IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT A. GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-3213-CM |
| GARY STEED, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Scott A. Gilbert, a former prisoner in the Sedgwick County Detention Facility, brings this § 1983 action *pro se*. On November 6, 2008, the court entered an order dismissing all claims but plaintiff's First Amendment freedom of religion claim against defendant Lt. W. Moore and Eighth Amendment claim against defendants Deputy Ewing and Tim McCarty. Since that time, plaintiff has not contacted the court or defendants. The case is now before the court on Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings (Doc. 43). Defendants ask the court to dismiss or stay the proceedings for lack of prosecution. Plaintiff did not respond to defendants' motion.

## I.     FACTUAL BACKGROUND

On April 10, 2009, Magistrate Judge K. Gary Sebelius set a telephone scheduling conference for May 6, 2009 and directed the parties to discuss their claims and defenses no later than April 22. Defense counsel sent written communications to plaintiff's last known address on April 17, requesting that plaintiff contact her. Plaintiff did not respond, and the letter was returned on May 5, unclaimed.

On April 27, defense counsel advised Judge Sebelius of difficulties in reaching plaintiff.

Judge Sebelius then issued an order rescheduling the telephone scheduling conference for May 27 and ordered plaintiff to inform the court and defense counsel of his phone number by May 4, 2009. Judge Sebelius sent the order by certified mail, but it was returned, undelivered.

On May 15, defense counsel sent another letter to plaintiff, but plaintiff has not responded. Defense counsel does not have a telephone number for plaintiff, and only has the address that plaintiff provided the court. On May 20, defendants filed the present motion. On May 27, Judge Sebelius held the scheduled telephone conference, but plaintiff did not appear. Judge Sebelius mailed the minute order from the telephone conference to plaintiff, but it was returned, undelivered.

## II.     DISCUSSION

A court may dismiss a case for failure to prosecute after considering the following criteria:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted).

First, defendants have been prejudiced by plaintiff's failure to participate in the case. Over the past two months, defendants have had to expend resources attempting to contact plaintiff to comply with court orders. The prejudice is somewhat limited, as the case has not proceeded in plaintiff's absence, and the case is now stayed, but the court determines that defendants have suffered some prejudice.

Second, plaintiff's failure to respond has interfered with judicial process. Judge Sebelius has had to reschedule a scheduling conference and convert another scheduling conference to a status conference when plaintiff did not appear.

Third, plaintiff is culpable for his conduct. The responsibility lies with plaintiff to keep his

contact information current with the court. *See* D. Kan. R. 5.1(c) ("Each attorney or party appearing *pro se* has a continuing duty to notify the clerk in writing of any change of address or telephone number."); *see also Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (holding that a *pro se* litigant had the burden of changing his address under a similar District of Colorado local rule); *Stamper v. Parsons*, No. 01-3470-JWL, 2005 WL 82135, at *3 (D. Kan. Jan. 12, 2005) (holding that the plaintiff was responsible for updating his mailing address). Plaintiff has apparently moved without giving the court or defendants a forwarding address or contact information.

Fourth, Judge Sebelius warned plaintiff on April 28, 2009 that failure to participate in the case could result in the involuntary dismissal of the action under Fed. R. Civ. P. 41(b). Although plaintiff did not receive the order, as it was returned undelivered, plaintiff was put on notice by the court's filing.

Finally, the court is not convinced that lesser sanctions would be effective. Unless and until plaintiff notifies the court or defense counsel of his new contact information, the court is unable to ensure that another sanction would be enforced. The court could stay the case for a limited period of time, with the provision that the case would be dismissed if plaintiff did not update his contact information before a date certain. But the court is skeptical that a stay would do anything but delay the inevitable; based on the fact that all mail sent to plaintiff in the past two months has been returned undelivered, a reasonable assumption is that another order directing plaintiff to take action before a date certain would also be returned, undelivered. In the meantime, defendants will be further prejudiced by the lack of closure to this case.

The only consideration that weighs slightly in plaintiff's favor is the fact that this case sat dormant for nearly five months after the court's November 2008 summary judgment ruling. Perhaps

plaintiff was waiting for action from the court.  But this does not excuse plaintiff's failure to notify the court if he changed addresses.  The court does not know when plaintiff moved, to where he moved, or how to contact him other than by U.S. mail.  Without contact information for plaintiff, the case cannot proceed in a judicially efficient and effective manner.

For all of these reasons, the court determines that this case should be dismissed as a sanction for failure to prosecute.

If plaintiff receives notice of this order and disagrees that his conduct in this case warrants the severe sanction of dismissal, plaintiff may file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure.  If plaintiff demonstrates a valid reason why sanctions are not appropriate, the court may reopen the case with appropriate conditions governing plaintiff's participation.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings (Doc. 43) is granted.  Plaintiff's case is dismissed without prejudice for failure to prosecute.

Dated this 19th day of June 2009, at Kansas City, Kansas.

>**s/ Carlos Murguia**
>**CARLOS MURGUIA**
>**United States District Judge**